## WINDSOR TRUST CO. v. WATERBURY et al.

(Supreme Court, Appellate Division, First Department.   February 6, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 45*)—TESTAMENTARY TRUST.
    Since under a will devising the residue to the executor in trust "to collect and receive the rents," etc., to be applied as stated, the legal title to the realty at once vested in the trustee as such and not as executor, and upon the appointment of separate persons as trustee and administratrix with the will annexed, upon renunciation by the original trustee and executor, the legal title to the realty vested in the substituted trustee and not in the administratrix.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 296, 307; Dec. Dig. § 45.*]

2. TRUSTS (§ 183*)—TESTAMENTARY TRUST.
    Under a will devising real property to a trustee to receive the rents for certain purposes, the right to receive the income passes at once to the trustee.

    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 237; Dec. Dig. § 183.*]

3. CONVERSION (§ 16*)—POWER OF SALE—DISCRETION.
    Under a provision in a will devising property in trust, "I hereby authorize and empower my executor and trustee * * * to sell and convey, and to execute and deliver good and sufficient deeds of any real estate" of which testator died seised, and to lease and mortgage the same, the trustee was under no obligation to sell, so that the devise did not work an equitable conversion of the realty into personalty.

    [Ed. Note.—For other cases, see Conversion, Cent. Dig. §§ 38–40, 42, 43; Dec. Dig. § 16.*]

Action by the Windsor Trust Company, as substituted trustee under the will of Clinton Adams, deceased, against Jennie Bullard Waterbury, individually, and as administratrix with the will annexed of Clinton Adams, deceased, and another.   Controversy submitted on agreed statement of facts.   Judgment for plaintiff.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles E. McMahon, of New York City, for plaintiff.
Lyttleton Fox, of New York City, for defendant Adams.
Nelson S. Spencer, of New York City, for defendant Waterbury.

SCOTT, J.   The controversy submitted relates to a sum of money collected by defendant, as rents of certain real estate, and held by her. The facts agreed to may be summarized as follows:

On February 18, 1903, one Clinton Adams died leaving a last will and testament wherein he named the New York Life Insurance & Trust Company as trustee, executor, and guardian of his infant son, Perry Adams, during his minority.   The will was duly admitted to probate, but the New York Life Insurance & Trust Company renounced as trustee and executor and as general guardian of the infant.   Thereupon the Windsor Trust Company was duly appointed trustee under said will; the defendant Jennie Bullard Waterbury was duly appointed administratrix with the will annexed; and Leila Perry

Depew was duly appointed general guardian of the said infant Perry Adams.

By his will Clinton Adams, after certain specific bequests, gave, devised, and bequeathed all the rest, residue, and remainder of his estate "to my executor hereinafter named, but upon trust nevertheless, to collect and receive the rents, profits and income thereof and apply them to the following uses." Then follow directions as to the disposition of the income until the son shall attain the age of 25 years, and of the principal when the son shall have attained that age or shall have died before attaining it.

The will also contained a power of sale in the following language:

"Fifth. I hereby authorize and empower my executor and trustee hereinafter appointed and its successors to sell and convey and to execute and deliver good and sufficient deeds of any and all real estate or interest in real estate of which I shall die seised and to lease and mortgage the same."

As has been said, a trust company was designated in the will to be both executor and trustee.

Among other property, the testator was seised at his death of an undivided one-half interest in a certain parcel of real estate in the city of New York; the defendant Jennie Bullard Waterbury being seised of the other undivided one-half interest. Since the death of the said decedent, to the date of sale hereinafter mentioned, the defendant Jennie Bullard Waterbury, owner in fee of an undivided one-half interest in the above-described real estate, known as No. 327 Bleecker street, and administratrix as aforesaid, has had the entire and exclusive possession, care, management, and control of said premises, has leased the same in her own name, and has collected the whole of the rents, profits, and income therefrom, and has made all necessary disbursements for repairs, taxes, and other expenses connected with the care and maintenance of said premises. The one-half share of the net rents, profits, and income arising from the undivided one-half interest in said premises belonging to the estate of the aforesaid decedent, Clinton Adams, has been deposited by said defendant in the New York Trust Company to her credit as administratrix, and the amount thereof is still on deposit in said account as an asset of the estate of Clinton Adams, deceased, and on the 9th day of January, 1913, together with accrued interest thereon, was $4,978.17.

That neither before the said defendant, Perry Adams, reached the age of 21 years, nor since said time, did the plaintiff apply to his support and education or pay over to him any part of the net income derived as aforesaid from the said real estate as provided in said will, although the said defendant, Perry Adams, on May 14, 1912, made due demand upon the said plaintiff to pay over to said defendant the accumulative net income of said real property.

The defendant Jennie B. Waterbury has never paid over such rents, profits, or income or any part thereof to the plaintiff, nor to the defendant Perry Adams, nor to his general guardian, nor paid over the same or any part thereof to them or either of them or to any other person.

The personal estate of said testator having proved insufficient to pay his debts, proceedings were instituted in the Surrogate's Court on

February 23, 1906, to sell his real estate for the payment of his debts. The proceedings seem to have progressed somewhat slowly, but finally on July 23, 1912, the real estate was sold at a price which still left nearly $10,000 of the testator's debts unpaid. The plaintiff claims that upon the foregoing facts it is entitled, as substituted trustee under the last will and testament of Clinton Adams, deceased, to receive from the defendant Jennie Bullard Waterbury, individually or as administratrix as aforesaid, the said amount on deposit being one-half of all the net rents, profits, and income accruing from the aforesaid premises from the time of decedent's death to the date of the sale of said premises, which the defendant Jennie Bullard Waterbury denies, and claims that as administratrix with the will annexed of said decedent she is entitled to retain said sum and apply it to the payment of the decedent's debts.

In our opinion there is no doubt that the plaintiff is entitled to judgment.

[1] By the terms of the will the testator appointed the same trust company both executor and trustee, and to that company devised all of his residuary estate, including his real estate, upon certain trusts. It is clear that so far as concerns the real estate the legal title vested at once in the trustee as trustee and not as executor. Consequently when, by reason of the renunciation of the trust company named in the will, a division of functions was effected, one person being appointed trustee and another administratrix with the will annexed, the legal title to the real estate vested in the substituted trustee and not in administratrix. From that time until the real property was sold under the provisions of the statute, the plaintiff as trustee and the defendant individually held the real property as tenants in common; each being entitled to one-half of the net income which plaintiff might at any time have recovered in an action for money had and received. The defendant as executrix had no title to the property and no right to retain any portion of its net income or proceeds until it had been sold for the benefit of creditors pursuant to statutory provisions.

[2] It needs no citation of authorities and no extended argument to support the proposition that, when a testator devises real property to a trustee, the legal title and the right to receive the income passes at once to such trustee. That was the case here.

[3] It is urged by defendant that the power of sale given to the trustee worked an equitable conversion of the realty into personalty. It is quite obvious that it did not. By its terms it was purely discretionary, and this fact coupled with the fact that title to the property was given to the trustee, and that power was given to loan and mortgage, as well as sell, negatives any presumption that the testator intended to impose upon his trustee an imperative obligation to sell.

The plaintiff is entitled to judgment as prayed for in the submission, with costs. All concur.